UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JORDAN PERKINS,

        Plaintiff,        :

  v.                                       **Case No. 2:25-cv-94**
                                             **Chief Judge Sarah D. Morrison**
**NAVIENT CORPORATION and**       **Magistrate Judge Kimberly A.**
**NAVIENT SOLUTIONS, LLC**    :    **Jolson**

        **Defendants.**

## OPINION & ORDER

Jordan Perkins took out private student loans to fund her education at Le Cordon Bleu Institute of Culinary Arts ("Le Cordon Bleu"). She now brings this action against her loan holder, Navient Corporation and its subsidiary Navient Solutions, LLC (collectively "Navient")[1], alleging violations of the Ohio Consumer Sales Practices Act ("OCSPA") and seeking a declaratory judgment that she could establish defenses to repayment if Navient filed a collection action against her. This matter is before the Court on Navient's Motion to Dismiss (Mot., ECF No. 3).[2]

For the reasons below, Navient's Motion is **GRANTED**.

---

[1] Navient argues that Navient Solutions, LLC is Ms. Perkins's student loan servicer and that her allegations are insufficient to pierce the corporate veil to hold Navient Corporation liable for its subsidiary's misconduct. (Mot., PAGEID # 123.) The Court need not resolve this issue because even assuming (without deciding) that she could pierce the corporate veil, her claims fail for the reasons discussed herein.

[2] Ms. Perkins requests oral argument on the Motion, but the Court finds that no oral argument is necessary.

I.   **FACTUAL BACKGROUND**

   A.   **Ms. Perkins attends Le Cordon Bleu.**

In July 2004, Ms. Perkins enrolled at Le Cordon Bleu to pursue a culinary career. (Compl., ECF No. 2, ¶ 50.) Le Cordon Bleu promised her that she would immediately obtain a prestigious chef position upon graduation. (*Id.* ¶ 51.) However, following her graduation, Ms. Perkins was only able to obtain an entry-level kitchen position that paid $9.00/hr. (*Id.* ¶ 52.)

To fund her education, Ms. Perkins took out student loans, including private student loans from Navient's predecessor-in-interest Sallie Mae. (*Id.* ¶ 52.) She alleges that her private student loan notes contained or should have contained the following language from the Federal Trade Commission's Rule on Preservation of Consumers' Claims and Defenses ("Holder Rule"):

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

(*Id.* ¶¶ 32, 35.)

Although she has paid nearly $30,000 toward her student loan balance, she still owes nearly $80,000 to Navient. (*Id.* ¶ 67.)

   B.   **Ms. Perkins requests a Discharge Application from Navient.**

In early 2024, student borrowers began to receive school misconduct discharge applications ("Discharge Application") from Navient that informed them that they may receive a discharge of their private student loans if the school they

2

attended committed certain misconduct outlined in the Discharge Application. (*Id.* ¶¶ 44–45.) On or about June 21, 2024, Ms. Perkins requested a Discharge Application from Navient. (*Id.* ¶ 57.) Navient responded that Ms. Perkins's private consolidation loan type does not meet the criteria for a Discharge Application. (*Id.* ¶ 58.)

Ms. Perkins then filed a complaint with the Consumer Financial Protection Bureau against Navient for failing to provide her with a Discharge Application; Navient again responded that Ms. Perkins's loan type does not meet the criteria for Discharge Application. (*Id.* ¶ 59.)

On or about June 28, 2024, Ms. Perkins contacted Navient for a second time to request a Discharge Application, and Navient repeated that her loan type was not eligible. (*Id.* ¶¶ 60–61.) She then acquired a Discharge Application without Navient's assistance and submitted it to Navient on September 3, 2024. (*Id.* ¶¶ 62–63.) The next day, Navient again told her that her loan type was not eligible to receive a Discharge Application. (*Id.* ¶ 63.)

Navient has since engaged in escalating collection activities on her account, including phone calls to both Ms. Perkins and third parties. (*Id.* ¶ 64.) She has received communications from Navient demanding payments, including multiple daily phone calls in which Navient has sought to enroll her in various payment plans and warned her that her credit will be impacted. (*Id.*)

3

II.     **STANDARD OF REVIEW**[3]

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Navient brings a facial attack to Ms. Perkins's declaratory judgment claim. A facial attack "questions merely the sufficiency of the pleading[,]" and a reviewing court therefore takes the allegations in the complaint as true. *Id.* To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(1)). "A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Hartman v. Acton*, 499 F. Supp. 3d 523, 528 (S.D. Ohio 2020) (Marbley, C.J.) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Rule 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[3] Navient moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), arguing, among other things, that Ms. Perkins's declaratory judgment claim is a request for an "improper advisory opinion[.]" (Mot., PAGEID # 119.) The Court construes this argument as a challenge to the justiciability of Ms. Perkins's declaratory judgment claim which is more properly analyzed as a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Hearns Concrete Constr. Co. v. City of Ypsilanti*, 241 F. Supp. 2d 803, 810 (E.D. Mich. 2003).

4

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Ms. Perkins brings a claim for violations of the OSCPA (Count One) and seeks a declaratory judgment under Ohio Rev. Code § 2721.01, *et seq.* (Count Two). Navient moves to dismiss both counts.

### A. Ms. Perkins has failed to allege that Navient violated the OCSPA.

The OCSPA prohibits a (1) "supplier" from committing (2) "unfair or deceptive act[s]" in a (3) "consumer transaction." Ohio Rev. Code § 1345.02(A). "If one of these elements is not shown, then the claim under the OCSPA fails." *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 912 (S.D. Ohio 2013) (Smith, J.). Only the second element is in dispute here.

Under the OCSPA, "an act or practice is deceptive if it 'has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts.'" *Walker v. Dominion Homes, Inc.*, 2005-Ohio-6055, ¶ 25 (quoting *Lee v. C.D.E. Home Inspection Co., Inc.*, 2002-Ohio-4316, ¶ 30). "An act or practice is unfair if it is

5

marked by injustice, partiality, or deception, or it results in inequitable business dealings." *Id.* (citing *Saraf v. Maronda Homes, Inc.*, 2002-Ohio-6741, ¶ 58). "In determining whether an act or practice is either unfair or deceptive, a court must focus upon how the consumer views the act or practice, and not whether the supplier intended to be unfair or deceptive." *Id.* (collecting cases). "Courts shall apply a reasonableness standard in determining whether an act amounts to deceptive, unconscionable, or unfair conduct." *Shumaker v. Hamilton Chevrolet, Inc.*, 2009-Ohio-5263, ¶ 19 (cleaned up).

 Ms. Perkins alleges that Navient misrepresented that it "does not have a process to adjudicate or evaluate [her] private loan defense to repayment request" and that this led her to believe that "she had no alternative but to repay the loans" and "no right to assert a borrower defense" under the FTC Holder Rule. (Compl. ¶ 72.) But Navient merely told Ms. Perkins that her "loan type (private consolidation) does not meet the criteria to receive an application." (*Id.* ¶ 5.) This statement did not contain any representations regarding Ms. Perkins's right to assert defenses under the FTC Holder Rule in a collection action or to contest her obligation to repay her loans. And Ms. Perkins does not allege any connection between the criteria Navient uses to assess her eligibility to receive a Discharge Application and her right to invoke the FTC Holder Rule in a future collection action against Navient.

 Thus, based on the allegations in the Complaint, a reasonable consumer in Ms. Perkins's position would not be misled about her legal rights in a future

6

collection action based on Navient's statement denying her eligibility to receive a Discharge Application.

Accordingly, Count One is **DISMISSED**.

### B. Ms. Perkins's declaratory judgment request (Count Two) is not justiciable.

Ms. Perkins seeks a declaratory judgment that she could invoke the FTC Holder Rule to successfully defend against a future collection action by Navient on her private student loans. (Compl. ¶¶ 76–81.) Navient challenges the justiciability of Ms. Perkins's declaratory judgment request, arguing that she seeks "an improper advisory opinion as to her potential defenses in case the Navient Defendants file a collections case against her in the future." (Mot., PAGEID # 119.)

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting U.S. Const., art. III, § 2). While Ohio law permits individuals to pursue declaratory judgments to determine questions of construction or validity of a contract, "[a] declaratory judgment in federal court must still present a justiciable controversy." *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636, 641 (6th Cir. 2008) (citing 28 U.S.C. § 2201).

In order to satisfy this threshold requirement for a declaratory judgment claim, Ms. Perkins "must demonstrate that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *United States v. I.C.C.*, 337 U.S. 426,

7

430–431 (1949)). A controversy is sufficiently immediate when "one or both of the parties have pursued a course of conduct that will result in imminent and inevitable litigation unless the issue is resolved by declaratory relief." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 465 F. Supp. 2d 827, 831 (N.D. Ohio 2006) (quoting 12 James W. Moore, Moore's Federal Practice, § 57.22(2)(c) (3d ed. 2003))."When parties are seeking an advisory opinion, no justiciable case or controversy exists." *Associated Gen. Contractors of Am., Cent. Ohio Div. v. City of Columbus*, 147 F. Supp. 2d 864, 871 (S.D. Ohio 2001) (Marbley, J.) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

Ms. Perkins alleges that her private student loans "contain or should have contained" language required by the FTC Holder Rule, including that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services[.]" (Compl. ¶¶ 32, 35.) She says that she could invoke the FTC Holder Rule to raise various claims related to Le Cordon Bleu's misconduct as a defense to repayment against Navient in a future collection action. (*Id.* ¶ 66.) She seeks a declaration that "she has established a defense to repayment such that her private student loans are not enforceable." (*Id.* ¶ 81.)

She further argues that a "legal controversy exists regarding her right to raise defenses against repayment." (Pl.'s Resp., ECF No. 13, PAGEID # 200.) But Ms. Perkins concedes that her declaratory judgment claim "is a preemptive attempt to establish defenses before a potential creditor lawsuit is filed." (*Id.* PAGEID #

8

195.) In other words, Ms. Perkins is asking to the Court to declare, in the event that Navient brings a collection action against her, that: (1) she could invoke the FTC Holder Rule to raise defenses against that action based on Le Cordon Bleu's misconduct; (2) she would be successful in raising those defenses; and (3) as a result, her loans would be invalidated.

Ms. Perkins does not allege that Navient has taken any action toward commencing a collection action against her. Although she alleges that Navient has engaged in escalating collection activities, there are no allegations that she is at risk of defaulting on or has defaulted on her loans. The viability of her potential defenses to repayment in a potential collection action, therefore, is not currently at issue and rests on a contingency that may never occur. Thus, she requests an impermissible advisory opinion because "the likelihood of the controversy becoming real is too remote, and there is not sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Am. Zurich Ins. Co.*, 465 F. Supp. 2d at 832.

Accordingly, Count Two is **DISMISSED**.

## IV. CONCLUSION

For the reasons stated herein, Navient's Motion to Dismiss (ECF No. 3) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**